WILLIAM A. McKENNEY et als.

*vs.*

ALTON B. FARNSWORTH et als.

York.    Opinion September 9, 1922.

*The last clause of Sec. 3 of Chap. 293 of the Public Laws of 1917 is unconstitutional, but the valid part of. said Section 3 may be separated from the invalid part.   The valid part of Section 3 does not delegate to the Commission powers that belong to the Legislature, nor deprive persons of their property without due process of law.*

The real question in issue in this case is the constitutionality of Sec. 3 of Chap. 293 of the Public Laws of 1917.

This is a bill in equity and went to the Law Court on an agreed statement of facts. The plaintiffs are lobster fishermen of Kennebunkport, and the defendants are Alton B. Farnsworth, Harry C. Wilbur and E. W. Gould, Commissioners, constituting the Commission of Sea and Shore Fisheries of this State.

On the 28th day of July, 1921, the Commission gave notice of a hearing upon the advisability of a close time, within certain defined limits. The plaintiffs thereupon brought a bill in equity to restrain the Commission from giving effect to the proposed close time, upon the contention that the proposed action of the Commission. "is based upon a statute which is unconstitutional and void, namely, section 3 of chapter 293 of the Public Laws of 1917," for the following reasons: "First,—Because said section would deprive persons of their property without due process of law. Second, Because by said section the Legislature has attempted to delegate

to said Commission powers that belong to the Legislature alone. Third, Because by said section the Legislature has attempted to delegate to said Commission powers to make rules and regulations which shall take precedence over provisions of existing statutes." Bill dismissed without costs.

The case is fully stated in the opinion.

*John P. Deering,* for plaintiffs.

*Harry C. Wilbur,* for the defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

SPEAR, J. This is a bill in equity and comes up on an agreed statement of facts, the salient points of which are as follows:

The plaintiffs are lobster fishermen of Kennebunkport, and the defendants are Alton B. Farnsworth, Harry C. Wilbur and E. W. Gould, Commissioners, constituting the Commission of Sea and Shore Fisheries of Maine. They will hereafter be called the Commission.

On the 28th day of July, 1921 the Commission gave notice of a hearing upon the advisability of a close time, within certain defined limits, upon lobster fishing along the coast near Cape Porpoise. The limits are immaterial to the issue.

The plaintiffs thereupon brought a bill in equity to restrain the Commission from giving effect to the proposed close time, upon the contention that the proposed action of the Commission "is based upon a statute which is unconstitutional and void, namely, section 3 of Chap. 293 of the Public Laws of 1917," for the following reasons: "First,—Because said section would deprive persons of their property without due process of law. Second,— Because by said section the Legislature has attempted to delegate to said Commission powers that belong to the Legislature alone. Third,—Because by said section the Legislature has attempted to delegate to said Commission powers to make rules and regulations which shall take precedence over provisions of existing statutes." Under these contentions the real question in issue is the Constitutionality of Section 3 of Chapter 293.

The last clause of Section 3 provides that the Commission may make rules and regulations which may "take precedence over any

then existing statute inconsistent therewith." There can be no controversy regarding the unconstitutionality of the last clause of that section and the defendants make none. The Legislature alone can make and repeal statutes. It cannot delegate its power to do so to any other authority. But it does not necessarily follow, because part of a statute is unconstitutional, that the whole is. Where the statute can be divided, and the valid separated from the invalid, it may be done. Such is the result of the unconstitutional clause in the present statute. This rule of construction is too familiar to require extended citation. *State* v. *Robb*, 100 Maine, Page 194.

The only unconstitutional act contemplated by the last clause of Section 3 is entirely independent of the rest of the section and will arise only when the Commission undertakes to promulgate a rule or regulation that is inconsistent with an existing act of the Legislature. It is only in such case that any rule or regulation of the Commission can come in conflict with any existing statute. Accordingly, whenever the Commission issues a rule or regulation that contravenes any existing act of the Legislature, such rule or regulation will be promptly declared invalid. It is evident, however, from an examination of the statutes relating to the subject matter of this case, that the proposed action of the Commission in the present case is not inconsistent with any existing statute. We are unable to find any statute that fixes a definite close time on lobsters within the proposed locality or in any other locality. The reason for the absence of such Legislation is apparent. It would be quite impracticable for a large body like the Legislature to gain that intimate information, which can be acquired only by practical experience and personal contact, with the numerous phases of the business which the great sea and shore fisheries involve, and which is patently essential to intelligent action in such matters as fixing close times, the locality, and the season of the year they should be applied to a particular locality; the times, manner or conditions of taking many kinds of fish; and the numerous other important things which only the man on the spot can fully understand. We are accordingly of the opinion that the last clause of Section 3 does not affect the constitutionality of the rest of the section except in the possible conflicts already mentioned.

We have considered the third reason first, since, if Section 3 were entirely unconstitutional, that would be the end of the case. For the same reason we consider the second contention before the first. This involves the right of the Legislature to delegate authority to the Commission to make rules and regulations concerning the sea and shore fisheries. Section 3 confers upon the Commission the following authority in this regard: Authority to make rules and regulations governing the time, manner and condition of taking fish, shell fish and lobsters, and declaring close time on such varieties and in such localities as they may determine. It also provides that such rules and regulations shall be made and such close time shall be declared after hearing, reasonable notice of which shall be given by publication to all parties concerned. The language of that section presupposes a close time on fish, shell fish and lobsters, but does not define when or where it shall be imposed. It has left the determination of those details to the Commission. And it seems to us that it was the only practicable way in which the Legislature could accomplish the end in view. The authority conferred is not a delegation of the legislative power. 11 R. C. L. 1042, Sec. 29. In the premises the Legislature declares without limitation or specification that within the coast line waters of the State, a close time may be necessary for the protection and preservation of fish, shell fish and lobsters. But from the very nature of the business it is unable to anticipate and specify the time and place when and where such close time should be imposed, in order to do no injustice to fishermen and at the same time protect the fishing industries. For it is as much in the interests of the fishermen, in the long run, to have the lobsters and other fish protected and preserved as it is of the people. Hence, the Legislature has delegated to the Commission the ministerial duty of ascertaining the fact, circumstances and conditions, as a proper and intelligent basis upon which to declare the close time already anticipated and provided for in the general terms of the act creating the Commission. In other words, the Legislature has deemed it wise to provide for a close time on the kinds of fish named, when the facts and conditions require it, and has appointed the Commission as its agent to ascertain the facts and conditions, and, when so found by them, has given them authority to fix and declare it. Hence, it is the facts and conditions that determine the close time and not

the close time that determines the facts and conditions. It is therefore obvious that the declaring of a close time by the Commission is only giving effect to the act of the Legislature, when the facts and conditions require it. It is undoubtedly true that the Commission cannot impose new duties and obligations upon the fishermen. It can, however, under legislative direction, ascertain and determine, in any given case, what duties are already imposed by the statute and do the ministerial acts necessary to the performance of those duties.

While the power to make laws may not be delegated to a board or commission, it is nevertheless true, a general policy of regulation and control having been adopted by the Legislature, that the delegation of the power to promulgate rules and regulations in accordance with the spirit and purpose of the leigslative will has long been held to be proper and no infringement on Constitutional limitations. 11 R. C. L. 1042, Sec. 29. In support of the above conclusion may also be cited *State* v. *Dodge*, 117 Maine, 269, in which a lucid exposition of the general doctrine may be found. Kindred cases may also be cited in *Brodbine* v. *Revere*, 182 Mass., 598. *Commonwealth* v. *Crowninshield*, 187 Mass., 225. *Commonwealth* v. *Sisson*, 189 Mass., 247. *Commonwealth* v. *Staples*, 191 Mass., 384. *Portland and Oxford Central R. R. Co.* v. *Grand Trunk Ry. Co.*, 46 Maine, 69. *Wadleigh* v. *Gilman*, 12 Maine, 403.

In view of the great importance of the sea and shore fisheries it clearly appears that no question can be raised concerning the reasonableness of the action proposed by the Commission in advertising the hearing for the proposed close time. We are accordingly of the opinion that the power delegated to the Commission was properly granted.

The first claim of the plaintiff is that Section 3 is unconstitutional as its execution would "deprive persons of their property without due process of law." This contention is clearly unsound. It is erroneous first because the plaintiffs have no property in the fish, shell fish or lobsters in the waters within the jurisdiction of the State. The State holds them in trust for the benefit of all the people. *Parker* v. *Cutler Mill Dam Co.*, 20 Maine, 353. *State* v. *Leavitt*, 105 Maine, 76. Upon this question 11 R. C. L., Section 2, under caption Property in fish, contains the

following statement: "Their ownership, while they are in a state of freedom, is in the State, not as a proprietor, but in its sovereign capacity as the representative and for the benefit of its people in common; in other words the right of property in fish, so far as any can be asserted before they are taken and reduced to possession, is common to all the people and cannot be claimed by any particular individuals. Upon this fact of public ownership rests to a large extent the governmental power regulation of fishing." *State* v. *Snowman*, 94 Maine, 99. It is evident, therefore, that the people through the Legislature could declare a perpetual close time if they saw fit as a matter of law. It is an easy corallary that they could do it as a matter of expediency. It is erroneous in the second place because the act does not authorize the taking of property, but the regulation of the taking of property by those to whom the privilege of taking is granted by the will of the people through the acts of the Legislature. Under Section 3 no person has or can be deprived of property without due process of law as he has no individual property in the fish named in that section of which he can be deprived.

*Bill dismissed without costs.*