(No. 16083.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARK WALTON, Plaintiff in Error.

*Opinion filed October 28, 1924.*

1. FISH AND GAME—*Fish and Game law is not invalid as a local or special law.* The Fish and Game law does not violate the constitutional prohibition against the enactment of local or special laws, but the act applies equally to all waters under the jurisdiction of the State and applies equally to all persons so far as such waters are concerned.

2. SAME—*ownership of fish and game is in the State.* The ownership and title to all fish and game within the jurisdiction of the State are in the State, and no one has an absolute or unqualified right to hunt or kill game or to catch fish except as the privilege is given by the sovereign State.

3. SAME—*section 34 of Fish code, providing for designation of fish preserves, is valid.* Licenses to fish are specifically made subject to the power of the State to close the waters within its jurisdiction, and the provision of section 34 of the act of 1923 in relation to the conservation of fish, (Smith's Stat. 1923, p. 1050,) authorizing the Department of Agriculture, within its discretion, to set aside certain waters as fish preserves, does not violate the property right of any person engaged in the business of fishing in the waters so set aside.

4. SAME—*section 34 of Fish code does not delegate legislative power.* Section 34 of the Fish code, empowering the Department of Agriculture to designate what waters of the State shall be used as fish preserves, merely confers administrative discretion and does not delegate legislative power.

5. SAME—*preservation of fish and game is a police regulation.* The matter of the preservation of fish and game is a police regulation, intended for the advancement of the welfare of the people of the State in the conservation of an important food supply.

WRIT OF ERROR to the County Court of Pulaski county; the Hon. FRED HOOD, Judge, presiding.

C. S. MILLER, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, L. H. BOYD, State's Attorney, and EDWARD C. FITCH, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted in the county court of Pulaski county for the violation of section 34 of the act to revise the law in relation to conservation of fish, etc., approved June 30, 1923. (Smith's Stat. p. 1050.) A jury was waived, and he submitted propositions of law to the court holding unconstitutional said section on the ground that it contravened section 2 of article 2 of the constitution, providing that no person shall be deprived of life, liberty or property without due process of law; section 22 of article 4 of the constitution, prohibiting local or special laws; and also article 3 of the constitution, concerning the division of the government into three distinct parts. These were refused.

Section 34 of the fish code provides that the Department of Agriculture shall have power, in its discretion, to set aside waters within the jurisdiction of the State as fish preserves, in which it shall be unlawful to take, catch or kill fish, or attempt to do so, except as provided in the act.

Most of the questions involved in this case have been passed upon in *People* v. *Diekmann,* 285 Ill. 97. Section 25 of the Fish and Game law there under consideration gave to the fish and game commission power to set aside waters within the jurisdiction of the State as fish preserves, and was identical in that regard with the language used in section 34 of this act. It was there urged that section 25 of the Fish and Game law violates section 22 of article 4 of the constitution, prohibiting the enactment of local or spe-

cial laws, but it was held that this was not so; that the purpose of the act was to conserve fish, game and wild fowl, and as such lies within the legislative province; (*People* v. *Bridges,* 142 Ill. 30;) that the act applied equally to all waters under the jurisdiction of the State, and applied equally to all persons so far as such waters were concerned.

Counsel contends that the rule applied in the cases cited in his brief, where this court has held a Pharmacy act, School law, Election law, Fees and Salaries act, Medical act, and laws and ordinances of like character, to be unconstitutional is applicable here. This argument does not recognize the difference between such cases where a private right was held to have been invaded, and the matter of preservation of fish and game. As was held in *People* v. *Diekmann, supra,* the ownership and title to all fish and game within the jurisdiction of the State are in the State. No one has an absolute or unqualified right to hunt or kill game or to catch fish except as the privilege is given by the sovereign State. Licenses to fish are specifically made subject to the power of the State to close the waters within its jurisdiction. (*People* v. *Diekmann, supra; People* v. *Bridges, supra.*) It follows, therefore, that when denied the privilege in certain waters the plaintiff in error was not deprived of liberty or a property right without due process of law. He had no such right.

Nor is section 34 of the fish code invalid as delegating legislative authority to an administrative body. It is impracticable for the legislature to attempt to provide details of management and regulation in the preservation of fish and game. It would be practically impossible for it to determine what waters should and what should not be used as fish preserves. The legislature, by empowering the Department of Agriculture to designate what waters of the State shall be used as fish preserves, conferred but administrative discretion and did not delegate to it legislative power. (*People* v. *Brady,* 271 Ill. 100; *United States* v. *Grimaud,*

220 U. S. 506.) In *Sheldon* v. *Hoyne,* 261 Ill. 222, the distinction between a delegation of power to legislate, which involves discretion as to what the law shall be, and conferring authority or discretion as to the execution of the law, is made plain, and in that case, and in *Arms* v. *Ayer,* 192 Ill. 601, and *People* v. *Grand Trunk Western Railway Co.* 232 id. 292, it is held that it is not an objection to a law that it confers authority or discretion as to the execution of it. A brief contemplation of the purposes of the act in question here leads to the conviction that in order to render it practical, discretion as to the execution of the law must be vested in some administrative body. The matter of the preservation of fish and game is a police regulation, intended for the advancement of the welfare of the people of the State in the conservation of an important food supply. *American Express Co.* v. *People,* 133 Ill. 649; *Vail* v. *Seaborg,* 120 Wash. 126; *State* v. *Dudley,* 182 N. C. 182; *McKenney* v. *Farnsworth,* 121 Me. 450; *Payne & Butler* v. *Providence Gas Co.* 31 R. I. 295.

Counsel for plaintiff in error argues that this law works an unreasonable hardship on men engaged in the fishing business in the waters taken for fish preserves. The questions addressed to this court are as to the validity of the law. Whether the law should have been passed is not a matter for this court to pass upon. However, as we have seen, plaintiff in error owns no right, possessory or otherwise, in the waters in which he has been fishing and which have been taken as a fish preserve, and that act is not invalid as contravening his rights. No cases have been cited by counsel for plaintiff in error, and we know of none, holding any other or different rule than that announced by this court in *American Express Co.* v. *People, supra,* and *People* v. *Diekmann, supra.*

The judgment of the county court will be affirmed.

*Judgment affirmed.*