THE INHABITANTS OF THE TOWN OF FRANKFORT

*vs.*

WALDO LUMBER CO.

Penobscot.    Opinion March 8, 1929.

*Mayo & Snare*, for plaintiff.
*Gillin & Gillin*, for defendant.

SITTING: WILSON, C. J., STURGIS, BARNES, BASSETT, JJ., PHIL-BROOK, A. R. J.

BARNES, J.   Action of debt for taxes.

This case was submitted to the court below upon the writ, pleadings and an agreed statement of facts, each party reserving the right to be heard on exceptions to determination of questions of law.

The suit was brought for balances of taxes lawfully assessed against the defendant in the years 1923 and 1924, still due, unless plaintiffs are barred by action of attorneys to whom such taxes were properly committed for collection.

These attorneys brought suit for a portion of the taxes here declared upon, entered the writ in court, and later accepted of one I. G. Stetson his promissory note on one year for the amount they

assumed to be due from defendant; gave a receipt for the face of the note, in the name of plaintiffs, as being "in full payment for all outstanding balance on taxes assessed by the town of Frankfort on the real and personal property of said (defendant) Company for the years 1923-1924"; and agreed that the suit already brought should be finally terminated, with the entry "neither party no further action for same cause," which entry was made at the April term of court, 1925.

In the fall of the year 1927 the municipal officers of plaintiff, in writing, duly authorized an action for the collection of the same taxes and the writ in the present case was sued out December 1 of that year.

Before bringing the suit here considered, the municipal officers of the plaintiff sued the Stetson note and recovered default for face, interest and costs, by agreement; and although execution issued no part of such judgment has been paid, and no payment has been made on the taxes sued for in the present action.

On April 28, 1928, the court below rendered judgment for the plaintiff in the sum of $982.33, and defendant filed exceptions.

By its exceptions it presents as error in law the finding that the action was maintainable, against, and that any sum was recoverable from the defendant.

More fully stated, defendant argues that the demands sued on were aforetime fully settled by plaintiff's attorneys, who, accepting for the town, their employer, a valuable consideration, to wit, a promissory note, gave, for said town and as its agents, a receipt for all taxes then due, the taxes here sued for being included, and that plaintiff is barred from recovery here because the former suit was ended, as evidenced by the usual entry in such case with admission that no other suit could be brought for the same cause, and that such payment by promissory note was ratified and confirmed by the plaintiffs, when their municipal officers authorized suit on the promissory note.

We hold the law to be other than as interpreted by defendant.

The levying of taxes is a power of sovereignty.

Municipal officers annually levy or assess taxes on persons and property within their bounds, for the state, their county and their municipality.

When assessing and collecting such taxes municipal officers are the agents of the State, which is sovereign.

And in so doing they proceed only under such agency, and they shall proceed strictly as authorized and empowered.

"A municipal corporation has no element of sovereignty. It is a mere local agency of the State, having no other powers than such as are clearly and unmistakably granted by the law-making power."

A doubtful corporate power, it has been said does not exist; and when any power is granted, and the mode of its existence is prescribed, that mode must be strictly pursued.

Now the power of taxation is not only an attribute of sovereignty, but it is essential to the existence of government.

Nor, strictly speaking, is this power of the Legislature transferable, for, as we shall presently see, whenever taxes are imposed, whether by a municipality or the State, it is, in legal contemplation, the act of the State, acting either by her own officers or other agents designated for the purpose.

"Hence, when delegated by the Legislature to a municipal corporation, the latter is considered as *pro hac vice*, the agent of the State, acting for the benefit of the municipality. In other words, the municipality, in the eye of the law, is the hand of the State by which the tax is laid and collected." *Whiting* v. *West Point*, 88 Va., 905; 29 A. S. R., 750; 15 L. R. A., 860.

When lawfully assessed, taxes are, by the agents of the municipality, to be collected in money.

A promissory note can not be accepted in payment of taxes; accepting it is against public policy; a note given for taxes does not discharge them; the town treasurer can not accept a note in discharge of taxes. *Embden* v. *Bunker*, 86 Me., 313.

Promissory notes would not keep the poor from suffering want, nor pay for the education of youth; nor police the municipality; nor build a mile of state aid road.

If the municipal officers may not accept promissory notes in lieu of taxes, they can not, by ratification of an agent's acceptance, release the person taxed from his liability to pay.

Means of collection in money are provided under the law.

The goods of one taxed may be seized and sold, or, he who re-

fuses or neglects to pay his tax may be committed to jail "until he pays it, or is discharged by law." Sec. 18 and 20, Chap. 11, R. S.

Attorneys may be retained to collect by suit, but they have no authority to abate, exempt, or compromise the claim.

"The city attorney could not effect a compromise and take less than is shown to be due from the taxpayer, neither before nor after suit brought; his powers and duties are fixed by the charter provision, and when the delinquent taxes come to him for collection the matter must be adjusted by a judgment, unless the full amount be paid." *Louisville* v. *Louisville Ry. Co.*, 111 Ky., 1; 63 S. W., 14; 98 Am. St. Rep., 387.

Under our Constitution, Art. IX, Sec. 9, the State may never, in any manner, suspend or surrender the power of taxation.

The collection of taxes it delegates to the municipalities. The State may exempt classes of property; it provides that a municipality may abate taxes assessed, but assessors attempting abatement must proceed under rigid rules set out in R. S., Chap. 10, Sec. 77, or other appropriate statute.

It follows that the attorneys of the plaintiffs could not release the defendant from the burden of its tax.

But it is said that having brought a suit, prior to the suit at bar, and having terminated that suit, as above expressed, the town can not maintain the present suit, by virtue of a statute, Chap. 87, Sec. 63, which reads: "No action shall be maintained on a demand settled by a creditor, or his attorney entrusted to collect it, etc."

A tax is not a "demand," as the word is used in the statute quoted.

Demand as there used is synonymous with debt, amount due.

"A tax, in its essential characteristics, is not a debt, nor in the nature of a debt. A tax is an impost levied by authority of government, upon its citizens or subjects, for the support of the state. It is not founded on contract or agreement. It operates *in invitum*. *Pierce* v. *Boston*, 3 Met., 520. A debt is a sum of money due by certain and express agreement. It originates in, and is founded upon, contract express or implied." *Camden* v. *Allen*, 26 N. J. L., 398.

Even the municipal officers could not discharge defendant from

the payment of its just share of taxes assessed by any such agreement as that attempted by their agents. *Peter* v. *Parkinson,* 83 Ohio St., 36 ; 93 N. E., 197.

If they have any authority to remit, abate, settle or compromise a tax it must be in conformity to some provision of the statute giving to them that power, else their action is without authority of law and void.

*Exceptions overruled.*