TOWN OF CONOVER v. RUBY JOLLY; FOY JOLLY, AND WIFE, ODESSA P. JOLLY

No. 70

(Filed 16 December 1970)

1. Municipal Corporations § 29— extent of police power

A city or town in this State has no inherent police power, but may exercise only such powers as are expressly conferred upon it by the General Assembly or as are necessarily implied from those expressly so conferred. G.S. 160-1.

2. Municipal Corporations § 30— mobile home as permanent residence — nuisance — G.S. 160-200(26)

The use of a mobile home as a permanent residence is not a nuisance per se which may be prevented or abated under the power conferred upon cities and towns by G.S. 160-200(26).

3. Municipal Corporations § 30— ordinance prohibiting mobile home as permanent residence — authority of town to enact — G.S. 160-200(6)

A well constructed and equipped mobile home connected with the public water, sewer and electric systems cannot be deemed per se "detrimental to the health, morals, comfort, safety, convenience and welfare of the people" of a town within the purview of G.S. 160-200(6); consequently, that statute did not confer upon a municipality the authority to enact an ordinance prohibiting the use anywhere within its limits of a single mobile home as a permanent residence.

**4. Municipal Corporations § 30— ordinance prohibiting mobile home as permanent residence — authority of town to enact**

The Town of Conover has not been delegated the authority by the General Assembly to enact an ordinance prohibiting the use anywhere within the town limits of a single mobile home as a permanent residence.

Justice MOORE did not participate in the consideration or decision of this case.

APPEAL from the judgment of the District Court of CA-TAWBA County at its 18 May 1970 Session, heard prior to determination by the Court of Appeals.

The Town of Conover sued to enjoin the defendants from keeping and maintaining a mobile home upon certain premises in the town and to compel them to remove from such premises the mobile home located thereon. The matter was heard in the district court upon an agreed statement of facts. The injunctive relief sought was denied on the ground that the ordinance, relied upon by the plaintiff, is unconstitutional. The town appealed, assigning as error this conclusion of law and the entry of the judgment denying relief.

The stipulated facts include the following (numbering revised):

1. For the purported purpose of promoting the health, safety and general welfare of the community, the town adopted an ordinance which, after defining "TRAILER" to include a mobile home, mounted on wheels or dismounted and placed upon masonry or other stationary foundation, used or designed for use as permanent or semi-permanent living or sleeping quarters, provides:

"*Prohibitions.* It shall be unlawful for any person * * * to place * * * any trailer or to make use of any trailer, subject to those exceptions hereinafter specifically enumerated, on any premises within the corporate limits of the town * * * "

2. The only exceptions contained in the ordinance relate to a trailer placed on a construction site and used for office or storage purposes so long as construction is in process, a trailer placed on a school or church site and used for school or classroom purposes, and a trailer placed in a business, industrial or neighborhood trading district or area and used for office purposes in

connection with the operation of a business, political or charitable activity.

3. The ordinance further provides that it does not affect or repeal any law of the town regarding location of trailers or mobile homes in residential areas on a temporary permit issued by the Board of Commissioners. (The record does not set forth any other ordinance of the town providing for the issuance of such temporary permits but, in oral argument of the appeal, the Court was advised that the town does have such an ordinance and copies of temporary permits, referred to below, issued by the town to the defendant Ruby Jolly have, by stipulation of counsel, been added to the record upon appeal.)

4. The town also has enacted a zoning ordinance. The ordinance here in question is not made a part thereof and is not denominated a zoning ordinance.

5. The town has a population of over 3,000 and has residential, general business, neighborhood trading, manufacturing and minor farming areas.

6. The defendants are the owners or entitled to the possession of a lot in the town, designated as 421 Fourth Street Place, which lot is in an area zoned for "neighborhood trading" and adjoins areas zoned for "industrial" and for "residential" use by the town's zoning ordinance.

7. On 6 March 1967, the defendant Ruby Jolly applied for and was granted a temporary permit to place one mobile home upon this lot for six months, beginning 6 March 1967. This permit was renewed for two succeeding six months periods. The last renewal of the permit expired prior to the commencement of this action.

8. Pursuant to such permit, Ruby Jolly placed upon the lot a mobile home with the consent of the defendants Foy Jolly and Odessa P. Jolly, the owners of the lot. It is of good, substantial material, has two bedrooms, a bath, and adequate plumbing, heating and electric facilities. It is presently being used as the residence of Ruby Jolly and has been so used since it was placed upon the property. The defendants have been notified to cease using the lot for the location thereon of a mobile home as a dwelling place. Their continuing to so use it is a violation of the ordinance if the ordinance is valid.

9. "[S]ome modern mobile homes of current manufacture when placed on suitable lots within the Town of Conover, in a suitable manner, with adequate water, sewage, electrical, and other utilities would not *per se* be a hazard."

It was not stipulated that § 12-22 of the ordinance bears any substantial relationship to public health, safety or welfare. This is denied in the further answer of the defendants, they alleging therein that the ordinance "is unconstitutional and void as an arbitrary, unreasonable and discriminatory exercise of the police power."

*Williams, Pannell & Matthews by Martin C. Pannell for plaintiff appellant.*

*Lefler, Gordon & Waddell by Lewis E. Waddell, Jr., for defendant appellees.*

LAKE, Justice.

We do not have before us in this case any question as to the authority of a city or town, by a properly enacted zoning ordinance, to divide its territory into zones and to restrict the use of mobile homes to one or more of such zones. The ordinance before us is not an exercise of the zoning power conferred upon cities and towns of this State by G.S. 160-172, *et seq.* Under this ordinance there is no land within the town upon which the owner of it may locate a mobile home for his own use, or for the use of a tenant, as a permanent residence. Again, this case does not involve the authority of a city or town to prohibit the establishment of a trailer camp or trailer park within territory subject to its zoning jurisdiction. See *Raleigh v. Morand,* 247 N.C. 363, 100 S.E. 2d 870. We are not here concerned with the validity of an ordinance or regulation requiring the owner or occupant of a mobile home, located within a city or town, to conform to specifications as to construction, size of lot, equipment, connection with water and sewer systems or other sanitary or safety measures.

The narrow question presented by this case is: May a town, with a population of approximately 3,000 persons and containing within its limits residential areas, general business areas, neighborhood trading areas, manufacturing areas and minor farming areas, prohibit by its ordinance the use, anywhere within its limits, of a single mobile home as a permanent residence, the

Town of Conover v. Jolly

home being constructed, equipped, located and used so as to present no threat to the health or safety of its occupants or of any other person? We hold that the town has no such authority.

The ordinance in question forbids the owner of a well constructed mobile home, completely equipped for safe, sanitary, healthful occupancy, to use it anywhere in the town for the purpose for which it was designed and purchased. Such a prohibition may be justified, if at all, only as an exercise of the police power of the State delegated to the municipality.

[1] A city or town in this State has no inherent police power. It may exercise only such powers as are expressly conferred upon it by the General Assembly or as are necessarily implied from those expressly so conferred. *State v. Furio,* 267 N.C. 353, 148 S.E. 2d 275; *State v. Bryd,* 259 N.C. 141, 130 S.E. 2d 55; G.S. 160-1.

[2] G.S. 160-200(26) confers upon cities and towns the power to prevent and abate nuisances, but a mobile home is not a nuisance *per se.* As Hall, J., said, dissenting in *Vickers v. Township Committee of Gloucester Township,* 37 N.J. 232, 181 A. 2d 129, "Trailer living is a perfectly respectable, healthy and useful kind of housing, adopted by choice by several million people in this country today." Far from intending to prevent it, the General Assembly of 1969 adopted the Uniform Standards Code for Mobile Homes Act for the purpose of assuring the safe construction of such homes sold in this State.

[3] G.S. 160-200(6) confers upon cities and towns the authority "to define, prohibit, abate, or suppress all things detrimental to the health, morals, comfort, safety, convenience, and welfare of the people, and all nuisances and causes thereof." A mobile home, well constructed and equipped, connected with the public water, sewer and electric systems, cannot be deemed, *per se,* detrimental to the health, morals, comfort, safety, convenience and welfare of the people of the town without regard to the nature and use of the surrounding properties. We conclude, therefore, that G.S. 160-200(6) does not confer upon the Town of Conover authority to enact § 12-22 of its Code of Ordinances, the ordinance upon which it relies in this action. Our attention has been called to no provision in the charter of the town or to any other legislation which purports to confer such authority upon it.

[4] Since authority to enact the ordinance has not been delegated to the town by the General Assembly, we do not reach the serious question of whether such an ordinance, if authorized by statute, would violate Art. I, § 17, of the Constitution of North Carolina, providing that no person may be deprived of his liberty or property but by the law of the land. *State v. Jones,* 242 N.C. 563, 89 S.E. 2d 129; *In Re Parker,* 209 N.C. 693, 184 S.E. 532. The town not having been granted the power to enact the ordinance upon which it relies, the injunctive relief which it sought in this action was properly denied.

Affirmed.

Justice MOORE did not participate in the consideration or decision of this case.