PHILLIPS PETROLEUM COMPANY et al.

v.

ZONING BOARD OF APPEALS OF the
CITY OF BANGOR et al.

Supreme Judicial Court of Maine.

Jan. 6, 1970.

Errol K. Paine, Bangor, for plaintiffs.

Abraham J. Stern, City Solicitor, Bangor, for defendants.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE, and POMEROY, JJ.

WEBBER, Justice.

On report. This was an appeal to the Superior Court from a decision of Zoning Board of Appeals of Bangor denying a permit to construct a gasoline service station in a location zoned as a "Local Business Zone." The matter comes to us on an agreed statement of facts for "such decision as the rights of the parties require."

The zoning ordinance grants as a permitted conditional use in a "Local Business Zone" the operation of gasoline service stations in these terms:

"(3) Gasoline service station where no major repairs or car sales are permitted, and only upon approval of the Zoning Board of Appeals."

It is stipulated that in the instant case no major repairs or car sales would be per-

mitted at the proposed location and therefore this condition is not a factor for consideration.

No specific standards are provided in the ordinance governing the approval or disapproval of permits for such stations in this zone. Plaintiffs therefore contend that the approval condition is unconstitutional and void under the doctrine of Waterville Hotel Corp. v. Bd. of Zoning App. (Me.1968) 241 A.2d 50. Defendants contend that the Bangor ordinance provides standards in general terms governing all actions of the Board which are adequate to satisfy constitutional requirements and which were not included in the Waterville ordinance.

In Waterville we held that general requirements that the Board act "in harmony with the comprehensive plan for municipal development and the purpose and intent of this ordinance, in accordance with the public interest and in support and furtherance of the health, safety and general welfare of the residents of the municipality" did not constitute standards adequate to meet constitutional requirements. The general requirements found in the Bangor ordinance provide that the "Board shall always act with due consideration to promoting health, safety, and the general welfare, encouraging the most appropriate use of land, and conserving property value, shall not permit any building and/or use detrimental or injurious to the neighborhood * * *."

At most the Bangor ordinance adds but one dimension not found in the broad sweep of general requirements held inadequate in Waterville. That is the mandate not to "permit any building and/or use detrimental or injurious to the neighborhood." The difficulty stems from the fact that the ordinance by permitting the construction and operation of a gasoline service station as a conditional use within the zone constitutes a legislative determination that such stations are not ordinarily detrimental or injurious to the neighborhood within the zone. What appear to be lacking are guidelines by which a board can determine what unique or distinctive characteristics of a particular station will render it detrimental or injurious to the neighborhood when other stations in the zone are not. The danger is that broad policy statements unaccompanied by any specific standards will not effectively curtail the power to discriminate. We have found no better exposition of the problem than that stated in Rathkopf, The Law of Zoning and Planning, Vol. 2, Ch. 54. At page 54-24 it is stated:

"The power is to 'hear and decide.' If what the board is to decide is whether a particular use would be consistent with the public health, safety and general welfare and the purposes of the zoning power in a particular district this is nothing more than the legislative body determined when, by enacting the ordinance, it made such use a special exception use therein. The only point not specifically decided by the legislative body in this connection when enacting the ordinance was whether such use would be consistent with the purposes expressed *in a particular location.* Yet the ordinance contains no specification of how a permissible particular location was to be determined save by reference to those factors which it itself has found to be complied with in enacting the ordinance. Under such general standard the board could find that such use would not be permissible in any location within the district in which it had been designated as a conditionally permitted use. This would be tantamount to a rejection of the legislative body's legislative finding that it was generally in conformity with the comprehensive plan established for such district 'but not under all circumstances and conditions,' and would be equivalent to conferring upon the board of appeals the power to rescind the ordinance with respect to such uses. If this is not a legislative act, it is difficult to establish its status."

We recognize that the authorities are clearly divided and whether or not the wording of the ordinance in the instant case satisfies constitutional requirements is not free from doubt. Under well established principles, however, we do not reach the constitutional issue if the case can be decided on other grounds.

Assuming without deciding that this ordinance meets constitutional requirements, we turn to an examination of the record and the decision of the Board to determine whether or not it was arbitrary, capricious, unreasonable or unlawful. The case comes here upon an agreed statement of facts without record of evidence and we take the facts stated as being the *only* material facts which the evidence would support. The application is for a gasoline service station "with no yard variances" which, when built, will comply "in all respects with the requirements contained in Section 2 of Chapter VIII, Article 7, (building height limit, lot area, lot coverage, lot width, depth and width of yard areas) and with all other pertinent statutes, rules and ordinances of the City of Bangor." The station would be built at one corner of the intersection of two streets. The other corners are occupied respectively by a milk processing plant, a gasoline service station and a branch bank. We emphasize that there are no facts from which it can be inferred or suggested that the proposed station would possess any unique or distinctive characteristics which would serve to differentiate it or its proposed operation from any other gasoline service station in the zone.

As justification of its refusal to grant the requested permit, the Board first found "no evidence that health, safety or general welfare will be promoted." This is of course an opinion or conclusion which must rest on facts, in this case facts agreed upon. As we have noted, the ordinance itself, by permitting the use, has legislatively determined that service stations in this zone are not ordinarily injurious or detrimental to health, safety and general welfare. There is no suggestion in this case that the proposed station would be more injurious or detrimental than any other station. No special circumstances are shown and therefore there is no factual basis for the conclusion reached by the Board.

The Board further concluded that "the proposed use is not the most appropriate use of lands and is a detrimental influence upon property values in the area." Here again there is no showing of special or distinctive circumstances. What was said above with respect to the first finding has equal application here. This opinion or conclusion of the Board stands wholly unsupported by facts of record.

Finally the Board made this finding:

"Specifically that the proposed use would dramatically alter not only the appearance of the immediate neighborhood but would also be contrary to the intent and spirit of the existing zoning map. The Planning Board proposes on its long range land use plan a residential zone for this area and looks to the elimination of the currently existing nonconforming uses in the area. To grant the pending application would be to completely disregard the existing and projected master plan of the City of Bangor."

In essence the Board is saying that it may at some time in the future be found desirable to amend the zoning ordinance so as to change what is now a "Local Business Zone" into a residential zone. Whether or not this may be a desirable long range objective need not concern us here. The fact remains that the Board must act under the provisions of the zoning ordinance as it now stands. It cannot lawfully use its power of approval of permitted conditional uses to produce the effect of an amendment which has not as yet and may never be adopted. Such a practice, if permitted, would amount to usurpation of a purely legislative function. The practical effect would be lot by lot zoning at the whim of

the Board. If the reference to "existing non-conforming uses" is intended to have application to the use proposed by the plaintiffs, the Board is laboring under a legal misapprehension. A permitted conditional use is not a non-conforming use.

We conclude that the Board's denial of plaintiffs' application was an unlawful exercise of the authority conferred upon it by the zoning ordinance. Plaintiffs are lawfully entitled to issuance of the permit applied for.

Remanded to the Superior Court for an appropriate order sustaining the appeal and directing issuance of the permit.