Mitchell COPE and David Cope, d/b/a
Jordan Associates

v.

INHABITANTS OF the TOWN OF
BRUNSWICK and Clifford
Lothridge [1].

Supreme Judicial Court of Maine.

Argued March 11, 1983.

Decided Aug. 31, 1983.

---

1. We have recaptioned this case as the "inhabitants of" the Town of Brunswick. *See Inhabit-* *ants of the Town of Boothbay Harbor v. Russell,* 410 A.2d 554, 557 n. 3 (Me.1980).

Smith, Loyd & King, Lendall L. Smith (orally), Brunswick, for plaintiffs.

Ranger & Copeland, Orville T. Ranger (orally), Brunswick, for defendants.

Before GODFREY, NICHOLS, CARTER *, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

The plaintiffs, Mitchell and David Cope, appeal from a decision of the Superior Court (Cumberland County) which affirmed a decision of the Brunswick Zoning Board of Appeals (the Board) denying plaintiffs a zoning exception to construct eight multi-unit apartment buildings within the Town of Brunswick. On appeal, the plaintiffs assert *inter alia* that the Brunswick zoning ordinance is facially unconstitutional. Spe-

---

* CARTER, J., sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

cifically, they argue that the ordinance improperly delegates to the Board the authority to permit the use of land for the construction of an apartment building. We conclude that the ordinance is in part unconstitutional and therefore sustain the appeal.

### I.

On March 16, 1982, plaintiffs filed an application with the Brunswick Codes Enforcement Officer requesting that the Board grant them an exception under the Brunswick zoning ordinance permitting them to construct eight six-unit apartment buildings on a twenty-one acre parcel of land located near Jordan Avenue in the Town of Brunswick. The land, an undeveloped and wooded lot, is classified under the Brunswick ordinance for "suburban A residential" use. Under section 402 of the ordinance, multi-unit apartment buildings are permitted in suburban A residential zones, "only as an exception granted by the Board of Appeals." [2]

Section 1107 of the ordinance prescribes the criteria that an applicant must fulfill to qualify for an exception.

*Section 1107 Exceptions.* The Board of Appeals may grant an exception to the Ordinance and allow the uses in the zones designated as "XA" in Sec. 402. An appellant who seeks a use by exception shall submit to the Board diagrams or photographs, which become part of the record, illustrating the proof required by this section. He must prove the following:

(1) *Certain Requirements Met.* That the use requested meets the requirements of this Ordinance set forth in Chapters 5–8.

(2) *Use Not Adverse.* That the use requested will not adversely affect the health, safety, or general welfare of the public.

---

2. The ordinance permits apartment buildings only as an exception and then only in areas zoned for urban residential, suburban residential, downtown commercial, and highway commercial.

(3) *Purpose Upheld.* That the use requested will not tend to defeat the purpose of this Ordinance as set forth in Section 101 or of the Comprehensive Plan for the development of the Town of Brunswick.

(4) *Value Maintained.* That the use requested will not tend to devaluate or alter the essential characteristics of the surrounding property.

Following a public hearing held on March 30 and April 10, 1982, the Board found that plaintiffs' project was in compliance with the ordinance in all respects, with the exception of subsections (2) and (4) of section 1107. The Board found that the proposed use would pose problems that would endanger the safety of the public and that the project would "drastically change the basic characteristics of the existing neighborhood from one of a small quiet not very heavily travelled area to one more dense and heavily travelled."

The Board denied plaintiffs' application for an exception and plaintiffs appealed to Superior Court pursuant to Rule 80B of the Maine Rules of Civil Procedure. On appeal, the Superior Court upheld the constitutionality of the Brunswick ordinance and affirmed the Board's denial of plaintiffs' application for a use exception.

## II.

■ The issue before us arises from the fact that local zoning boards, like municipalities, have no inherent authority to regulate the use of private property. *Town of Windham v. LaPointe,* 308 A.2d 286, 290 (Me.1973). Instead, the power of a town, and therefore that of the local zoning board of appeals, is conferred upon the town by the State. *Id., Mitchell v. City of Rockland,* 45 Me. 496, 504 (1858). *See* 30 M.R.S.A. § 2411 (1978 and Supp.1982–1983) (granting municipality authority to establish board of appeals); 30 M.R.S.A. § 4962 (1978 and Supp.1982–1983) (governing zoning ordi-

nances). This power may not be delegated from the legislature to the municipality or from the municipality to a local administrative body without a sufficiently detailed statement of policy to:

> furnish a guide which will enable those to whom the law is to be applied to reasonably determine their rights thereunder, and so that the determination of those rights will not be left to the purely arbitrary discretion of the administrator.

*Stucki v. Plavin,* 291 A.2d 508, 510 (Me. 1972).

■ The present case calls into question the constitutionality of two of the standards contained in section 1107 of the ordinance. Under the ordinance, the Board is directed to base its decision upon a determination of whether the proposed use would "adversely affect the health, safety or general welfare of the public," and whether the use would "alter the essential characteristics of the surrounding property." [3] Upon the authority of prior decisions of this Court, we hold that the ordinance improperly delegates legislative authority to the Board and is therefore void.

In *Waterville Hotel Corp. v. Board of Zoning Appeals,* 241 A.2d 50 (Me.1968), this Court struck down a provision of a zoning ordinance which vested absolute power in the Board of Zoning Appeals to approve or disapprove "all major changes of uses of land, buildings or structures ...." The land owner in that case sought to construct a service station in a "Commercial C" zone. Although the landowner satisfied all of the specific requirements of the zoning ordinance, the Board of Appeals denied him a building permit on the ground that the proposed use would be inimical of public safety. *Id.* at 51. In striking down that portion of the ordinance making all major changes in the uses of land "subject to the approval of the Board of Zoning Appeals," we stated:

---

3. The Board did not find that plaintiffs' proposed use would tend to "devaluate" the surrounding property as is likewise referred to in subsection (4). We do not therefore address the sufficiency of that language as a standard of delegation.

The legislative body may specify conditions under which certain uses may exist and may delegate to the Board discretion in determining whether or not the conditions have been met. The legislative body cannot, however, delegate to the Board a discretion which is not limited by legislative standards. It cannot give the Board discretionary authority to approve or disapprove applications for permits as the Board thinks best serves the public interest without establishing standards to limit and guide the Board.

*Id.* at 52.

Although a provision in the Waterville ordinance required the Board to exercise its power "in harmony with the comprehensive plan for municipal development and the purpose and intent of this ordinance, in accordance with the public interest and in support and furtherance of the health, safety and general welfare of the residents of the municipality," this Court held that such general language did not provide sufficient guidance to meet constitutional requirements. *Id.* at 53.

In *Stucki v. Plavin*, 291 A.2d 508 (Me. 1972), we held to be facially unconstitutional an ordinance which provided that the less restrictive regulations would apply to a lot split by two zones "provided, however, that such extension of use into the more restricted portion *shall meet the approval* of the Board of Zoning Appeals." *Id.* at 509 (emphasis added).

Similarly, we held a provision of a town zoning ordinance unconstitutional in *Town of Windham v. LaPointe*, 308 A.2d 286 (Me. 1973), which vested unguided authority in the selectmen and planning board to approve or disapprove of the location of proposed trailer parks. In striking down that ordinance, the Court noted:

Such broad delegation of power breeds selectivity in the enforcement of the law. When no standards are provided to guide the discretion of the enforcement authority, the fact that the law might be applied in a discriminatory manner settles its constitutionality.

*Id.* at 293.

Defendants seek to avoid the implications of the foregoing decisions by relying upon the later decision of *Barnard v. Zoning Board of Appeals of the Town of Yarmouth*, 313 A.2d 741 (Me.1974). The ordinance at issue in that case provided that the Board of Appeals had authority to grant variances, "where necessary to avoid undue hardship, provided there is no substantial departure from the intent of the ordinances." Although acknowledging that the standard was broadly stated, we concluded that it was nonetheless sufficient to guide the Board in granting or denying *variances*. *Id.* at 748.

■ Contrary to defendants' assertion, *Barnard* does not represent a departure from our earlier decisions. The standard provided by the ordinance in *Barnard* was sufficient because it related to the granting of a variance and described only the negative findings which were required to be made before the prohibited use could be allowed by variance. In determining absence of a "substantial departure from the intent of the ordinances," it would be the other provisions of the ordinance which would provide substantive guidance for the decision. Moreover, *Barnard* does not have application in judging the sufficiency of standards to permit use by exception as opposed to use by variance. A use by exception, such as the apartment complex proposed in this case, differs substantially from a use by variance:

A special exception use differs from a variance in that a variance is authority extended to a landowner to use his property in a manner prohibited by the ordinance (absent such variance) while a special exception allows him to put his property to a use which the ordinance expressly permits.

*Stucki*, 291 A.2d at 511. An exception is a conditional use under a zoning ordinance and results from a legislative determination that such use will not ordinarily be detri-

mental or injurious to the neighborhood within the zone. *Community School, Inc. v. Zoning Board of Appeals of the Town of Camden,* 369 A.2d 1146, 1149 (Me.1977). Whether the use will generally comply with the health, safety and welfare of the public and the essential character of the area is a legislative question.[4] The delegation is improper if the Board is permitted to decide that same legislative question anew, without specific guidelines which permit the Board to determine what unique or distinctive characteristics of a particular apartment building will render it detrimental or injurious to the neighborhood. *See Phillips Petroleum Company v. Zoning Board of Appeals of the City of Bangor,* 260 A.2d 434, 435 (Me.1970).

We therefore conclude that the relevant portions of subsections (2) and (4) of section 1107 of the Brunswick zoning ordinance upon which the Board relied in denying the permit to plaintiffs are facially unconstitutional. Those standards refer only to the same general considerations which the legislative body was required to address and resolve in enacting the ordinance. As we have previously stated: "[t]here should be no discretion in the Board of Appeals as to whether or not to grant the permit if the conditions stated in the ordinance exist. That determination should be made by the legislators." *Stucki,* 291 A.2d at 511. To permit the broad legislative judgment to be delegated to the Board "would be equiva-

lent to conferring upon the board of appeals the power to rescind the ordinance with respect to such uses." *Phillips Petroleum Company,* 260 A.2d at 435.

 Stated simply, by enacting the ordinance, the voters of Brunswick determined that an apartment building was generally suitable for location in a suburban residential zone. The ordinance did not provide the Board with any basis for determining that a particular location was unsuitable because of the existence of certain characteristics which rendered the general legislative determination inapplicable. Since the Board found that plaintiffs were in compliance with all requirements of the ordinance except for those which we now find to be invalid, a permit for the exception should issue.

The entry is:

Judgment reversed.

Remanded to the Superior Court for an appropriate order sustaining the appeal and directing issuance of the permit.

All concurring.

---

4. It has long been recognized that "deciding whether certain uses are compatible with a zone and the general zoning scheme is a function to be performed by municipal legislative bodies with the advice of their planning boards." Comment, *Administration of Zoning in Maine,* 20 Me.L.Rev. 207, 217 (1968). *See also* Delogu, *Suggested Revisions In Maine's Planning And Land Use Control Enabling Legislation,* 20 Me.L.Rev. 175, 205 (1968).