**Fred FITANIDES**

v.

**Timothy CROWLEY, et al.[1]**

**SACO MOBILE HOME SALES**

v.

**Stanley KOSLOFF, et al.[2]**

Supreme Judicial Court of Maine.

Argued Sept. 20, 1983.

Decided Nov. 3, 1983.

---

1. Defendants in *Fitanides v. Crowley, et al.,* include Timothy Crowley, building inspector for the City of Saco, and Saco Mobile Home Sales, the applicant for a zoning exception. The members of the Saco Zoning Board of Appeals have been deleted as appellees in the caption of this case since the proper defendants in an appeal of a decision of a local zoning board of appeals are the municipal officers or the building inspector. *Inhabitants of the Town of Boothbay v. Russell,* 410 A.2d 554, 559 (Me.1980).

2. Stanley Kosloff is named as one of the municipal officers of the City of Saco. Defendants in *Saco Mobile Home Sales v. Kosloff, et al.,* include Saco's municipal officers and Timothy Crowley, Saco's building inspector. The City of Saco and the Planning Board of the City of Saco as well as Fred Fitanides and James Truman, two owners of real estate located in the immediate area of the proposed campground who are opposed to SMHS's plan, have been deleted as appellees in the caption of this case since they are improper parties defendant in this appeal. *Cushing v. Smith,* 457 A.2d 816, 816 n. 2 (Me.1983); *Levesque v. Inhabitants of the Town of Eliot,* 448 A.2d 876, 876 n. 1 (Me.1982); *Thornton v. Lothridge,* 447 A.2d 473, 474 n. 1 (Me.1982).

T.A. Fitanides (orally), Biddeford, for Frederick Fitanides.

Roger S. Elliott (orally), Richard P. Romeo (orally), Smith & Elliott, Saco, for Saco Mobile Home Sales.

Ronald E. Ayotte, Sr., Caron, Ayotte & Caron, Saco, for City of Saco.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

VIOLETTE, Justice.

■ Since early 1981, Saco Mobile Home Sales ("SMHS") has sought to construct a tourist campground in a B–1, General Business District Zone in the City of Saco. On February 25, 1981, SMHS applied to the Saco Board of Zoning Appeals ("the Board") for an exception under the City of Saco Zoning Ordinance ("the Ordinance") for the purpose of constructing the campground. After two hearings, the Board denied SMHS's application on April 21, 1981. SMHS filed a timely complaint in Superior Court pursuant to M.R.Civ.P. 80B seeking reversal of the Board's decision. SMHS later amended its complaint, adding a second count for damages and attorneys' fees under 42 U.S.C. §§ 1983 and 1988. (Hereafter this action will be referred to as Law Court Docket No. YOR–83–106).

On December 12, 1981, the city council amended Saco's Zoning Ordinance applicable to campgrounds. Without resolving the pending 80B complaint, SMHS reapplied for an exception under the amended ordinance on January 25, 1982. After hearing, the Board granted SMHS's request for an exception by decision dated March 4, 1982.

Fred Fitanides, the owner of a tourist campground that abuts the property on which SMHS proposes to build its campground and the primary opponent of SMHS's proposal, filed an 80B complaint, challenging the Board's decision under the amended ordinance. (Hereafter this action will be referred to as Law Court Docket No. YOR–83–91).

In November, 1982, the Superior Court, York County, heard oral argument on both 80B complaints.[3] The presiding justice affirmed the decisions of the Board in both cases. The Superior Court did not consider or rule on SMHS's claim in its complaint for damages and attorneys' fees under 42 U.S.C. §§ 1983 and 1988. SMHS has appealed the Superior Court's decision affirming the Board's denial of its first application. Fitanides has appealed the Superior Court's decision affirming the Board's granting of SMHS's reapplication. We dismiss SMHS's appeal and deny Fitanides' appeal.

I. SMHS's Appeal. (YOR–83–106)

■ SMHS's amended complaint contains two counts. Count I alleges, *inter alia*, that the Board's denial of SMHS's application for an exception was arbitrary, capricious and unsupported by substantial evidence, in violation of the constitutions of the United States and Maine. SMHS sought declaratory and injunctive relief under this count. Count II alleges a violation of 42 U.S.C. § 1983 and seeks money damages as well as reasonable attorneys' fees under 42 U.S.C. § 1988.

By order of the Superior Court entered on December 3, 1981, the counts were bifurcated. The order stated that consideration of the merits of Count II was to be delayed until Count I was adjudicated. The Superior Court denied relief to SMHS on Count I. SMHS then appealed to this Court without either obtaining final judgment on the remaining count or obtaining certification on Count I under M.R.Civ.P. 54(b). Notwith-

---

3. Although both cases were heard together in the Superior Court and the Law Court, they were never consolidated in either court. M.R. Civ.P. 42(a) and 73(d).

standing the Superior Court's order holding the resolution of Count II in abeyance until the adjudication of Count I, SMHS does not present us with a final judgment because the judgment appealed from does not dispose of the whole cause. SMHS's appeal, therefore, is improper. *Hazzard v. Westview Golf Club, Inc.*, 217 A.2d 217, 222 (Me.1966); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 54.3 (2d ed. 1970). An order of the Superior Court directing the orderly resolution of multiple claim lawsuits does not excuse a litigant from complying with the final judgment rule. SMHS's appeal must be dismissed.

II. Fitanides' Appeal. (YOR–83–91)

Fitanides challenges the Board's decision under the amended ordinance.[4] He argues that under the terms of the Ordinance, the Board was not authorized to hold a hearing on SMHS's reapplication and that even if the hearing were proper, the Board's decision cannot stand because the hearing was conducted in an unfair manner. Because we find the hearing on the reapplication was proper and that, on the facts of this case, the Board was required to grant the application as a matter of law, we need not reach appellant's claim of an unfair hearing.

■ Section 804–2 of the Zoning Ordinance of the City of Saco provides that [a]n appeal for a variance or an exception or from an appeal to set aside the decision of the Building Inspector, once heard by the Appeals Board and denied shall not be heard again by the Appeals Board unless 2 years have passed since the last hearing on the matter, *or unless amendment has been made to the Zoning Ordinance which changes the status, circumstances or conditions of the matter which was appealed.*

Saco, Me., Code § 804–2 (1981) (emphasis added). In the present case, the Board held a hearing on SMHS's reapplication within eleven months of its original denial of the

exception, but after the Ordinance was amended. Under Section 804–2, therefore, the hearing was proper if the amendment changed the "status, circumstances or conditions" of SMHS's request for an exception.

The amendment removed "commercial recreation" as a subpart of automobile-oriented business and services listed as exceptions permitted by appeal in B–1 zoning districts and established "commercial recreation" as a separate allowed exception in B–1 zones. The amendment also specifically defined "commercial recreation" as including campgrounds. Prior to the amendment, "commercial recreation" had not been defined in the Ordinance. The effect of the amendment, therefore, as it relates to the present appeal, was the designation of campgrounds as a specific exception allowed by appeal in B–1 zoning districts.

Under Section 401 of the Ordinance an excepted use in a designated zone "may be permitted . . . only if *specific provision* for such exception is made in th[e] Zoning Ordinance." Saco, Me., Code § 401 (1981) (emphasis added). Prior to the amendment, there existed no "specific provision" authorizing the construction of campgrounds in B–1 zones. The amendment, however, clearly lists "commercial recreation," specifically defined as including campgrounds, as an excepted use permitted by appeal in B–1 zones. It is clear, then, that under the terms of the pre-amendment ordinance, Section 401 precluded Board approval of SMHS's request for an exception. After the amendment, however, Board approval of the request was authorized, and, as we hold below, was required under the facts of this case. The amendment clearly changed the "status, circumstances or conditions" of SMHS's application under Section 804–2. As such, the Board's decision to hold a hearing on SMHS's reapplication was entirely proper.

4. SMHS's argument that Fitanides does not have the necessary standing to appeal the

Board's decision is without merit.

■ It is a well established principle, constitutionally mandated, that in

delegating power to an administrative agency, the legislative body must spell out its policies in sufficient detail to furnish a guide which will enable those to whom the law is to be applied to reasonably determine their rights thereunder, and so that the determination of those rights will not be left to the purely arbitrary discretion of the administrator.

*Stucki v. Plavin,* 291 A.2d 508, 510 (Me. 1972); *see Phillips Petroleum Co. v. Zoning Board of Appeals of the City of Bangor,* 260 A.2d 434 (Me.1970); *see also Waterville Hotel Corp. v. Board of Zoning Appeals,* 241 A.2d 50 (Me.1968). Section 401 of the Saco ordinance establishes the standard the Board is expected to apply in evaluating applications for exceptions under the Ordinance:

An exceptions [sic] is a use that would not be appropriate generally or without restriction throughout a particular zone but which, if controlled as to number, area, location or relation to the neighborhood, would promote the public health, safety, welfare, moral order, comfort, convenience, appearance, prosperity, or general welfare....

Saco, Me., Code § 401 (1981). Whether a use promotes the public health, safety or general welfare in a particular zone, however, is a legislative question properly determined by a municipal legislative body such as a city or town council. It is improper for the council to authorize the board to decide such a legislative question anew unless the council sets out specific guidelines that allow the board to determine what special characteristics of a proposed use render it detrimental to the public health, safety or general welfare of the neighborhood. *Cope v. Inhabitants of the Town of Brunswick,* 464 A.2d 223, 227 (Me.1983).

■ Neither Section 401 nor any other section of the Ordinance provides the Board with adequate standards that it can apply in determining an applicant's eligibility for an exception. Instead, Section 401 of the

Ordinance merely refers to the same general considerations the city council was required to consider and resolve in enacting the ordinance. *Id.* The above-quoted portion of Section 401 is not different in substance or effect from the ordinance provisions we held unconstitutional in *Cope.* Accordingly, we declare that portion of Section 401 unconstitutional because it impermissibly delegates the legislative power of the city council to the Board. This conclusion dictates the result in the present appeal.

■ In amending the Ordinance, the city council determined that a campground was generally suitable for location in a General Business District, B–1 zone. The Ordinance, however, did not provide the Board with any constitutionally acceptable guidelines for determining whether the features or location of the campground was improper because of special characteristics that would constitute cause for denying SMHS's request for an exception. Absent adequate standards, and absent a showing that SMHS was not in compliance with other requirements under the Ordinance, the Board was *required* to grant the exception. "There should be no discretion in the Board of Appeals as to whether or not to grant the permit if the conditions stated in the ordinance exist." *Stucki,* 291 A.2d at 511. Here, because SMHS requested an exception for a use specifically permitted by exception in a B–1 Zone, and because the Board had no constitutionally valid guidelines under which it could disallow the request, the Board could not deny granting the exception.

The entry is:

In YOR–83–106, appeal dismissed.

In YOR–83–91, judgment affirmed.

All concurring.