Peter BASS, et al.

v.

TOWN OF WILTON, et al.

Supreme Judicial Court of Maine.

Argued March 3, 1986.

Decided June 30, 1986.

Beach & LaVerdiere, Christopher S. Beach, Charles C. LaVerdiere, (orally), Wilton, for plaintiffs.

Bernstein, Shur, Sawyer & Nelson, Geoffrey H. Hole, (orally), Portland, for defendants.

Before NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

The defendant Wilson Lake Associates (Wilson Lake) appeals from an order of the Superior Court, Franklin County, vacating a decision of the Wilton Board of Appeals that affirmed the Wilton Planning Board's grant of a conditional use permit to build an apartment complex in a residential zone. Because the Superior Court misinterpreted the zoning ordinance, we vacate the judgment.

I.

By application dated May 5, 1983 Wilson Lake applied to the Wilton Planning Board for a conditional use permit to construct an apartment complex on Fernald Street in Wilton. The proposed complex, known as the Wilson Lake Project, straddled two zones. Although the Wilton Zoning Ordinance permitted the project in the commercial zone, the ordinance classified the project as a conditional use in the residential zone. As a conditional use, the project required approval of the Planning Board.

The Planning Board approved Wilson Lake's application, and the plaintiffs, as adjacent property owners, appealed to the Wilton Zoning Board of Appeals. The Board of Appeals upheld the grant of the conditional use permit. The plaintiffs then filed an appeal in Superior Court under 30 M.R.S.A. § 2411 (1978). The plaintiffs

complained that the proposed apartment complex would devalue adjacent properties and, therefore, would be in violation of section 13.16 of the Wilton Zoning Ordinance.[1] Noting that neither the Planning Board nor the Board of Appeals made any findings of fact on the issue of devaluation of adjacent properties, the Superior Court remanded the case to the Board of Appeals with direction to make specific findings of fact and conclusions of law pursuant to 30 M.R.S.A. § 2411(3)(E). The court retained jurisdiction of the case by expressly ordering that the Board report to the court within 30 days.

On remand the Board of Appeals considered additional evidence supplied by both the plaintiffs and Wilson Lake on the issue of devaluation. The Board specifically found that the use of the property for multi-family dwellings would devalue adjacent properties in violation of section 13.16 of the Wilton Zoning Ordinance. The Board recognized that these findings were contrary to its earlier decision to grant the conditional use permit.

After receipt of the additional findings, the Superior Court entered a final decision. The court noted the Board's findings of adjacent property devaluation and vacated the Board of Appeals' original order affirming the Planning Board's decision to grant a conditional use permit. Because the Superior Court acted in an appellate capacity, we review directly the record developed before the Board of Appeals. *Shackford & Gooch, Inc. v. Town of Kennebunk,* 486 A.2d 102, 104 (Me.1984).

## II.

Wilson Lake cites our decisions in *Chandler v. Town of Pittsfield,* 496 A.2d 1058 (Me.1985), and *Cope v. Town of Brunswick,* 464 A.2d 223 (Me.1983), to challenge the validity of section 13.16 on the ground that devaluation alone delegates to the permitting authority a discretion that is insufficiently limited by legislative standards. More specifically Wilson Lake describes as "a strong note of concern" our comment that we would not address the sufficiency of "devaluate" as a standard of delegation. *See Cope,* 464 A.2d at 225 n.3. Although the language of the Wilton ordinance differs from that of the Brunswick ordinance,[2] Wilson Lake asserts that we must now address the issue expressly reserved in *Cope.*

We have consistently adhered to the principle that the legislative body which enacts a zoning ordinance cannot delegate to an administrative board discretion to approve or disapprove applications without adequate legislative standards. *See, e.g., Chandler v. Town of Pittsfield,* 496 A.2d 1058 (Me.1985); *Fitanides v. Crowley,* 467 A.2d 168 (Me.1983); *Cope v. Town of Brunswick,* 464 A.2d 223 (Me.1983); *Stucki v. Plavin,* 291 A.2d 508 (Me.1972); *Phillips Petroleum Co. v. Zoning Board of Appeals of Bangor,* 260 A.2d 434 (Me. 1970); *Waterville Hotel Corp. v. Board of Zoning Appeals,* 241 A.2d 50 (Me.1968). In the context of special exceptions or conditional uses, where the legislative body has determined that a particular use is ordinarily acceptable in a particular zone, the legislative body cannot absolutely empower an administrative board to reject an individual application for that use. The legislative body must instead specify conditions that would permit a rejection. *Waterville Hotel Corp.,* 241 A.2d at 52. In the same manner, a general restriction that is applicable to all permitted uses must provide specific guidance so that the administrative board may determine whether a proposal has complied with the restriction.

---

1. Section 13.16 provides:

   There will be no structure or construction that will cause blight or devalue adjacent property.

2. The Brunswick Ordinance required an applicant for a special exception to prove that "the use requested will not tend to devaluate," whereas the Wilton Ordinance generally prohibits any "structure or construction that will ... devalue...."

The multi-family dwellings proposed by Wilson Lake are a conditional use in the residential zone, and the plaintiffs have not alleged that the proposal fails to meet the conditions expressed in the ordinance. For all practical purposes, the use may be considered to be a permitted use. The issue before us, therefore, involves the application of a general restriction to a proposed permitted use.

Our review of the Board's findings reveals that any devaluation of adjacent property found by the Board was based upon the proposed *use* and not upon the *structure* or *construction* proposed. Indeed the evidence offered by the plaintiffs on the issue of devaluation focused upon population density, traffic conditions and pedestrian usage of Fernald Street, all factors relating to the use of the property for multi-family dwellings. The nature of the structures themselves played no part in the determination of devaluation.

Although devaluation of property is a proper subject of concern by the legislative body, we have yet to decide whether devaluation without specific definition is a sufficiently specific standard for guidance of an administrative board. We made clear in *Cope* that we would not decide the question because the Brunswick Board had not based its decision on devaluation of surrounding property. In the case before us we likewise decline to decide the question reserved in *Cope* because the legislative body has not attempted to delegate the authority assumed by the Wilton Board. Section 13.16 of the Wilton ordinance prohibits "a structure or construction" that will devalue adjacent property. That language differs from the Brunswick ordinance provision discussed in *Cope*, where the use requested, rather than the structure, was the focus of the property devaluation. Section 13.16 does not address property use.

We conclude, therefore, that section 13.16 does not purport to authorize the Board to deny a permit for a use, legislatively determined to be appropriate, on the ground that such a use will devalue adjacent property. Because the Board's finding of devaluation and the Superior Court's decision are based on an erroneous interpretation of the ordinance, we conclude that the original decision of the Board should be affirmed.

The entry is:

Judgment vacated.

Remanded for entry of an order affirming the original decision of the Board of Appeals.

NICHOLS, VIOLETTE, WATHEN and GLASSMAN, JJ., concurring.

SCOLNIK, Justice, dissenting

I respectfully dissent.

In my view, section 13.16 of the Wilton Zoning Ordinance authorizes the Board of Appeals to deny a conditional use permit if the proposed *use* of the building for which a permit is sought will devalue adjacent property.

It is a cardinal principle of statutory interpretation that legislation at whatever level must be construed to effectuate the intent of those enacting it. *See, e.g., Lagasse v. Hannaford Bros. Co.*, 497 A.2d 1112, 1117 (Me.1985). To suggest, as the Court does, that the ordinance does not address property use but is limited to an evaluation of the effect that the proposed structure or construction would have on adjacent property, is to stray from the obvious intent of the legislation. The Court draws a technical distinction between the words "structure or construction" and "use" in its interpretation of the ordinance that could not have been intended by the local legislature. What zoning purpose could possibly be served by conferring authority on the planning board to enjoin the erection of a structure whose construction will devalue adjacent property, but deprive the board of the power to prevent the construction of the building where the construction per se does not devalue neighboring property but the use to which it is put

clearly does? Bearing in mind that one of the central purposes of zoning is to preserve the orderly growth and development of municipalities with the attendant preservation of property values, I find it inconceivable that the drafters of this zoning legislation intended the result reached by the Court. Since the Board of Appeals properly interpreted the ordinance as not tolerating a devaluating use and applied the ordinance to the evidence before it, the function of this Court is to determine whether or not there was sufficient competent evidence to support its finding that the proposed Wilson Lake Development would result in the devaluation of adjacent property. *See Mack v. Municipal Officers,* 463 A.2d 717, 719–20 (Me.1983). Based on the record before us, the Board's decision was amply supported by the evidence. Accordingly, it then becomes necessary to decide whether the standard of devaluation without specific definition is an adequate standard to guide an administrative board's decision. *See Fitanides v. Crowley,* 467 A.2d 168, 172 (Me.1983). In my opinion, it is.

The plain meaning of the term "devalue" is sufficient to guide the Board in its application of section 13.16 to a requested conditional use permit. The term "devalue," in this zoning context, obviously means to cause the reduction or loss in the value of adjacent property. By the employment of this objective standard, the Board does not assume for itself an unfettered discretion to grant or deny the permit. As this case illustrates, evidence may be presented by expert appraisers as well as the owners of the adjacent land. Such evidence provides a sufficient basis for an evaluation of whether the proposed project would cause a reduction in the value of the adjacent properties. If so, section 13.16 requires that the permit be denied. In short, the standard of whether adjacent property is devalued is a sufficient guide for the Board to employ in its decision-making process, and it enables those to whom the law is to be applied reasonably to determine their rights thereunder. *See Chandler v. Town of Pittsfield,* 496 A.2d 1058, 1062 (Me.

1985). Accordingly, I conclude that the standard of devaluation utilized in section 13.16 does not constitute an improper delegation of legislative authority to the Board of Appeals.

I would affirm the judgment of the Superior Court.