MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2025 ME 8
Docket:        Oxf-24-44
Argued:        September 12, 2024
Decided:       February 4, 2025

Panel:         STANFILL, C.J., and MEAD, HORTON, CONNORS, and DOUGLAS, JJ.
Majority:      STANFILL, C.J., and HORTON, CONNORS, and DOUGLAS, JJ.
Dissent:       MEAD, J.

## JAMES M. DAY

### v.

## TOWN OF HIRAM et al.

HORTON, J.

[¶1]  James M. Day appeals from a decision of the Superior Court (Oxford County, *Lipez, J.*) affirming the Town of Hiram Planning Board's decision to grant Brian and Sarah Schnell's application for a conditional use permit to construct a microbrewery on property in the Town's Residential District.  Day contends that the Board erred in its finding regarding one of the factors that the Town of Hiram's Zoning Ordinance requires the Planning Board to consider in deciding whether to grant a conditional use permit—"[t]he need of a particular location for the proposed use."  Hiram, Me., Zoning Ordinance § 6.7.3.4(2)(b) (March 5, 2022).  The Board analyzed the "need" factor by considering that the Schnells had no other property on which to locate the proposed microbrewery.

2

We conclude that the Board erred in interpreting the "need" factor to focus on the Schnells' need instead of on the community's need. We vacate the judgment for the matter to be remanded to the Board for further proceedings.

## I. BACKGROUND

[¶2] In April 2022, Sarah Schnell and her brother Brian applied for a conditional use permit to construct a microbrewery, taproom, beer garden, and parking lot for up to twenty-five vehicles on a property in Hiram, Maine. The property is an approximately thirty-three-acre parcel on Sebago Road. Although their parents own the property, Brian and Sarah lease the property and have the right to purchase it. The property is partially located in the Residential District and partially located in the Rural Residential District, but the microbrewery would be located entirely on the portion within the Residential District. The Hiram Zoning Ordinance allows as conditional uses in the Residential District commercial "[f]acilities having less than 2500 square feet of gross floor area and employing less than 6 full time employees or equivalent thereof," Hiram, Me., Zoning Ordinance § 4.4.5.3, and the Schnells' proposed microbrewery qualifies as such a use.

[¶3] In June and July 2022, the Planning Board held a public hearing, a board meeting, and a site walk in connection with the Schnells' application for

a conditional use permit.  The Board received twenty-seven letters in favor of the application and thirty-eight letters opposing the application.  At its July 2022 meeting, the Board voted unanimously to grant the application.  In August 2022, the Board chairman signed the permit, with fifteen conditions including dimensional requirements and conditions regarding noise levels, lighting, parking, signage, and waste disposal.

[¶4]  In September 2022, Day, who owns land across the street from the Schnell property,[1] filed a timely appeal of the Board's decision in the Superior Court.  *See* M.R. Civ. P. 80B; M.R. App. P. 2B(c)(1); Hiram, Me., Zoning Ordinance § 6.7.1 (providing that appeals from permits of "Conditional Uses shall lie from the decision of the Code Enforcement Officer to the Planning Board and from the Planning Board to the Superior Court according to State Law").  The court remanded the case for the Board to make findings of fact.  On May 30, 2023, in a decision that included findings of fact and conclusions of law, the Board again granted the Schnells' application. Day appealed again to the court, and the court affirmed the Board's decision granting the Schnells' conditional use permit. Day has appealed the Superior Court's judgment solely on the ground that the Board erred in its interpretation of the conditional use factor involving "[t]he

---

[1]  Day's property is 2,000 feet from the site of the proposed microbrewery.

4

need of a particular location for the proposed use." *See* Hiram, Me., Zoning Ordinance § 6.7.3.4(2)(b); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶5] "Because the Superior Court acted in its intermediate appellate capacity, we review directly the operative decision of the municipality." *Tomasino v. Town of Casco*, 2020 ME 96, ¶ 5, 237 A.3d 175. In this case, we review the Planning Board's decision granting the conditional use permit to the Schnells.

## A. The Planning Board's interpretation of the "need" factor

[¶6] A conditional use, also known as a "special exception,"[2] differs from a variance in that a variance allows the use of property in a manner otherwise prohibited by the ordinance while a conditional use permit allows property to be used, subject to conditions, in a manner expressly permitted by the ordinance. *Cope v. Inhabitants of Town of Brunswick*, 464 A.2d 223, 226 (Me. 1983). The Hiram Zoning Ordinance identifies eleven factors that the Planning Board must consider in deciding whether to grant a conditional use permit, one of which is "[t]he need of a particular location for the proposed use."

---

[2] "The special permit or special exception zoning technique, also called the conditional use, has a long history in the land use regulatory process in this country." 3 Rathkopf's The Law of Zoning and Planning § 61:1 (4th ed.).

Hiram, Me., Zoning Ordinance § 6.7.3.4(2)(b). In its findings of fact and conclusions of law, the Board analyzed the "need" factor by considering that the Schnells had no access to any other location for their proposed microbrewery:

> Based on the Applicants' representations, the Board finds that the Applicants do not have property interests in any other parcels, which could be committed to the proposed use. The Applicants have no feasible alternative location within their possession or control for the location of this proposed use. Accordingly, the Planning Board finds that the Applicants have sufficiently demonstrated that the Property is therefore needed for the location of the proposed use. The Board therefore finds that this requirement[3] is met.[4]

[¶7] Day contends that the "need" factor "requires applications for conditional use permits to demonstrate that there exists an *essential* or *indispensable* relationship between (a) the 'particular location' at which the applicants propose to conduct the land use for which they seek a permit and (b) the 'proposed land use'—not a relationship of necessity between (a) the applicants' financial means and (b) a 'particular location.'"

---

[3] We note that the Ordinance language frames the need factor as a factor to be considered, not a requirement.

[4] The Board's finding echoes a comment by the Code Enforcement Officer at the June 27, 2022, Planning Board meeting: "[T]hese folks have owned this property for years, based on the letters and what I've learned, and so it's something that they have, it's something that they own. They own this property. They don't own this property over here that's in a commercial area or in a -- some other area. They don't own that. This is what they own. And if you're trying to own something today, it's very difficult to do. And so you can't just say well, we're going to go do this someplace else; we don't own something somewhere else . . . ."

[¶8]  The Town of Hiram and the Schnells argue that the Planning Board did not err in focusing on the Schnells' showing that they had no other property to use for their project when considering section 6.7.3.4(2)(b)'s "need" factor. The Town and the Schnells also argue that the language in this provision of the Ordinance is ambiguous and therefore this Court must consider both the general structure of the Ordinance as a whole and the object sought to be obtained by the Ordinance.  The Town contends that such an interpretation "supports the Planning Board's conclusion that 'need' must be determined from the applicant's perspective and that the need standard was met because the Schnells had no feasible alternative."

**B.  The "need" factor's focus on the need of the public or the community for the proposed use in the proposed location**

[¶9]  "We review the interpretation of an ordinance de novo, but will accord substantial deference to the [tribunal of original jurisdiction's] characterizations and fact-findings as to what meets ordinance standards." *Upstream Watch v. City of Belfast*, 2023 ME 43, ¶ 13, 299 A.3d 25 (quotation marks and citation omitted).  "We examine an ordinance for its plain meaning and construe undefined or ambiguous terms reasonably with regard to both the objects sought to be obtained and to the general structure of the ordinance as a

whole." *Fitanides v. City of Saco*, 2015 ME 32, ¶ 13, 113 A.3d 1088 (quotation marks omitted).

[¶10] We agree with Day that the Board misconstrued the "need" factor but disagree with Day's reasoning as to why. We construe the "need" factor to focus on the community's need for the proposed conditional use to be in the proposed location, not on the applicant's need for the proposed location, as the Town and the Schnells contend, or on the proposed use's need for the proposed location, as Day contends.

[¶11] When a zoning ordinance identifies "need" as a criterion for approval of a conditional use or special exception, "[need] has been judicially held to mean 'expedient, reasonably convenient and useful to the public.'" *Neuman v. City of Baltimore*, 246 A.2d 583, 587 (Md. 1968) (citing *Baltis v. Village of Westchester*, 121 N.E.2d 495, 503 (Ill. 1954));[5] *see also* 3 Rathkopf's The Law of Zoning and Planning § 61:26 (4th ed.) ("A finding that the use was necessary for public convenience, or of need of some sort and degree is very

---

[5] In *Neuman*, the applicable zoning code provided that a non-resident doctor could be granted a special exception to operate an office in a residential district if certain conditions were met and that the zoning board "'shall give consideration (among other factors) to the following: '(1) The population density in the area in the vicinity of the premises for which application for a Special Exception under the provisions of this section is made indicating a need for the services of a physician or of a dentist, as the case may be, in such area. (2) The testimony of property owners in the area in the vicinity of the premises indicating a need for the services of a physician or of a dentist, as the case may be, or the absence of testimony of such property owners that there is no such need.'" *Neuman v. City of Baltimore*, 246 A.2d 583, 585 (Md. 1968) (quoting Balt., Md. Zoning Ordinance § 16 (1966)).

8

often a standard where the conditional use is potentially incompatible with the principal uses in the area.")

[¶12] Without defining the term "need," the Hiram Zoning Ordinance requires the Planning Board to "consider . . . [t]he need of a particular location for the proposed use," along with ten other factors. Hiram, Me., Ordinance § 6.7.3.4(2)(b). The plain meaning of "need"—to "require (something) because it is essential or very important," *Need*, New Oxford American Dictionary (3d ed. 2010)—does not clarify what "need" means in the context of the Ordinance. However, insight into what the Ordinance contemplates in terms of "need" can be gleaned from the Ordinance's statement of purposes for the Residential District in which the proposed microbrewery would be located:

- To provide for the public health and safety, environmental quality, and economic wellbeing of the community.

- To provide areas for medium density residential growth in such a manner and at such locations as are comparable with existing development and the ability of the community to provide essential services and utilities.

- To provide areas for commercial public and semi-public uses compatible with, and necessary to, residential development.

Hiram, Me., Zoning Ordinance § 4.4.1.

[¶13] Taken as a whole, these stated purposes identify a community "need" for businesses in the residential district that promote "economic

wellbeing" in a manner compatible with residential uses. That form of need should have been the Board's focus in considering the "need" factor. Ironically, in addressing another of the eleven conditional use factors, the Board found that the proposed microbrewery could have "a positive impact on the local population due to increased tourism and it could encourage people to locate in town based on perceptions of growth and potential opportunities for other businesses." However, the Board's finding regarding the "need" factor at issue in this appeal was erroneous because it focused incorrectly on the applicants' need, not the community's need.[6]

[¶14] We therefore vacate the judgment affirming the decision and direct that the matter be remanded to the Town of Hiram Planning Board for further consideration. Because the Board's incorrect interpretation may have affected

---

[6] The Dissent posits that the phrase "need of a particular location" as used in the Ordinance refers to "the particular needs of the land in question." Dissenting Opinion ¶ 19-20. The proposition that a parcel of real estate can have needs, particularly for a microbrewery and beer garden, is intriguing, but even if that is what the Ordinance means, it is not the interpretation that the Planning Board gave the term, so we still would have to vacate the judgment. On judicial review of a permitting decision, we cannot disregard an express finding when that finding depends on an incorrect interpretation of the ordinance. *See Me. Motor Rate Bureau*, 357 A.2d 518, 527 (Me. 1976). "[D]ealing with a determination or judgment [that] an administrative agency alone is authorized to make, [a court] must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain . . . set aside exclusively for the administrative agency." *Id.* (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

the parties' presentation of evidence relevant to the "need" factor, the Board in its discretion may order the record reopened as to that issue.

The entry is:

> Judgment vacated. Remanded to the Superior Court for remand to the Town of Hiram Planning Board for further proceedings consistent with this opinion.

_____

MEAD, J., dissenting.

[¶15] I agree with the Court's conclusion that the Board erred in interpreting the "need" factor to focus on the Schnells' need. Court's Opinion ¶ 1. The parties and the Court frame the dispute as whether the language of the ordinance refers to the applicants' need to use the proposed location for a particular purpose or to the community's need to have the business located in the specified place. Court's Opinion ¶ 10. The Court today vacates the Town of Hiram Planning Board's decision to issue the Schnells a conditional use permit to conduct their proposed business on their property. Court's Opinion ¶ 14.

[¶16] I conclude that under a plain-language reading of the ordinance, given a commonsense interpretation, neither the needs of the applicants nor "the community's need," Court's Opinion ¶ 1, is the appropriate standard for

the Planning Board's consideration of the requirements of section 6.7.3.4(2)(b). Hiram, Me., Zoning Ordinance (March 5, 2022). I would affirm the Planning Board's granting of a conditional use permit to the Schnells.

[¶17] As noted by the Court, the Schnells sought to construct and operate a microbrewery in the Town's Residential District. Court's Opinion ¶ 2. The Zoning Ordinance permits conditional uses of the type planned by the Schnells in the Residential District if certain guidelines are met and appropriate conditions are imposed. Hiram, Me., Zoning Ordinance § 4.4.5.3. The ordinance enumerates several factors the Planning Board must consider before approving a conditional use permit, including, "The need of a particular location for the proposed use." Hiram, Me., Zoning Ordinance § 6.7.3.4(2)(b).

[¶18] The Court finds this language to be ambiguous and for guidance looks to the broad purposes for the Residential District set out in the ordinance, concluding that, "Taken as a whole, these stated purposes identify a community 'need' for businesses in the residential district that promote 'economic wellbeing' in a manner compatible with residential uses. That form of need should have been the Board's focus in considering the 'need' factor." Court's Opinion ¶¶ 12-13.

[¶19]  In determining the need to be considered for the issuance of a conditional use permit, I find no ambiguity in section 6.7.3.4(2)(b).  The section is quite clear in explicitly defining the requisite need as "[t]he need of a *particular location*."  Hiram, Me., Zoning Ordinance § 6.7.3.4(2)(b) (emphasis added).  It is not the need of an applicant or the need of the Town to generally encourage business enterprises in a Residential District.

[¶20]  Because the Schnells' application sought a conditional use permit, their property and the proposed use of the property were presumptively subject to conditions addressing the particular needs of the land in question.  Section 6.7.3.4(2)(b) stands as a clear and commonsense directive to the Planning Board: look carefully at the *particular location*, determine its *need* for the proposed use to exist in the Residential District, and establish appropriate conditions for the issuance of a conditional use permit.  If the Board concludes that the property has needs that cannot be met by imposing conditions (e.g., the topography cannot be modified in a way that would make it safe for the public to enter a proposed business there), the Board will consider that need and reject the permit.  Alternatively, if after considering the need and concluding that appropriate conditions will meet it, the Board will approve a conditional use permit.

[¶21]  The Hiram Planning Board did precisely that, notwithstanding the need-of-the-applicants versus the need-of-the-community dichotomy embraced by the Court's analysis.  Court's Opinion ¶ 10.  The Board members closely scrutinized the property and noted particular needs that could be satisfied by appropriate conditions.  The Board then established fifteen conditions relating to the appropriate use of the property in the final approved permit.

[¶22]  Because the Planning Board made a reasoned decision faithful to the clear requirements of the ordinance, I would affirm the Board's issuance of the conditional use permit.

_____

Sean R. Turley, Esq. (orally), Murray Plumb & Murray, Portland, for appellant James M. Day

David A. Goldman, Esq. (orally), Norman, Hanson & DeTroy, LLC, Portland, for appellees Brian Schnell and Sarah Schnell

Leah B. Rachin, Esq., Drummond Woodsum, Portland, for appellee Town of Hiram

Oxford County Superior Court docket number AP-2022-6
FOR CLERK REFERENCE ONLY